IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02081-BNB

ALVIN SMITH,

    Applicant,

v.

WARDEN MICHAEL MILLER, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

ORDER DIRECTING APPLICANT TO FILE ONE AMENDED PLEADING

    Applicant, Alvin Smith, is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Smith initiated this action by filing *pro se* a "Petition for Evidentiary Hearing with Possible Release with Prejudice" (ECF No. 1) in which he appeared to assert claims challenging both the validity of the sentence he is serving and the execution of that sentence. On August 6, 2013, the court entered an order directing Mr. Smith, if he wishes to pursue any claims in this action, to file an amended pleading on the court-approved form. The court explained to Mr. Smith that, to the extent he is challenging the validity of the sentence he is serving, such as a claim or claims that the sentence is illegal, his claims properly are asserted in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court also explained that, to the extent Mr. Smith is challenging the execution of his sentence, such as a claim or claims challenging the computation of his sentence or parole issues, those claims properly are asserted in an

application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The court advised Mr. Smith that, if he intends to pursue claims challenging both the validity of his sentence and the execution of his sentence, he must pursue those claims in separate habeas corpus actions.

Rather than file one pleading on the proper form as directed, Mr. Smith filed in this action on August 23, 2013, both an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 4) and an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 5).  In the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 4), Mr. Smith lists La Plata County District Court case number 03CR22 as the case he is challenging and he asserts six claims for relief that include claims challenging the validity of that conviction and sentence as well as claims challenging the execution of his sentence.  In the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 5), Mr. Smith alleges that he has completed the time to be served for a valid sentence and he asserts four claims for relief that appear to relate primarily to the execution of his sentence.

Mr. Smith has failed to cure the deficiency in this action as directed because he has filed two different pleadings asserting different claims.  However, because it appears that Mr. Smith has made an effort to cure the deficiency, the court will not dismiss the action for failing to cure the deficiency at this time.  Instead, Mr. Smith will be given another opportunity to file one proper pleading in this action if he wishes to pursue any claims.

Mr. Smith may not challenge in one action both the validity of his conviction and

sentence as well as the execution of his sentence. Any claims he seeks to raise challenging the validity of a state court conviction or sentence properly are asserted in an action brought pursuant to § 2254. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Any claims he seeks to raise challenging the execution of a state sentence properly are asserted in a separate action brought pursuant to § 2241. *See id.* If Mr. Smith wishes to pursue claims challenging both the validity of his conviction and sentence and the execution of his sentence, he must raise those claims in separate actions, and the court will assign a separate civil action number to the second case. If Mr. Smith responds to this order by filing more than one amended pleading using the civil action number for this action, the action will be dismissed without prejudice for failure to cure the deficiency.

Regardless of the statutory authority for the habeas corpus claims Mr. Smith is asserting, he must provide a clear statement of those claims. Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, which apply even if Mr. Smith is challenging the execution of his sentence pursuant to § 2241, he must identify the specific federal constitutional claims he is asserting and he must provide specific factual allegations in support of each asserted claim. These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a

habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Accordingly, it is

ORDERED that Mr. Smith file one amended application on the court-approved form that complies with this order **within thirty (30) days from the date of this order**.  It is

FURTHER ORDERED that Mr. Smith shall obtain the appropriate court-approved habeas corpus application form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Smith fails to file an amended application that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED September 17, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge