IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02081-BNB

ALVIN SMITH,

    Applicant,

v.

WARDEN MICHAEL MILLER, and
JOHN S. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Alvin Smith, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Smith initiated this action by filing *pro se* a "Petition for Evidentiary Hearing with Possible Release with Prejudice" (ECF No. 1) asserting claims challenging both the validity of the sentence he is serving and the execution of that sentence. On August 6, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Smith to file an amended pleading on the court-approved form. Magistrate Judge Boland explained to Mr. Smith that his claims challenging the validity of the sentence he is serving should be asserted in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and that his claims challenging the execution of his sentence should be asserted in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Magistrate Judge Boland also instructed Mr. Smith that, if he intends to pursue claims challenging both the validity of his sentence and the execution of his sentence, he must pursue those claims in separate habeas corpus actions.

Rather than file one pleading on the proper form as directed, Mr. Smith filed on August 23, 2013, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 4) and an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 5). Both habeas corpus applications filed on August 23 included the case number for this action. In the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 4) Mr. Smith lists La Plata County District Court case number 03CR22 as the conviction he is challenging, and he asserts six claims for relief that challenge both the validity of that conviction and sentence as well as claims challenging the execution of his sentence. In the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 5) Mr. Smith contends that he has completed the time to be served for a valid sentence, and he asserts four claims for relief that appear to relate primarily to the execution of his sentence.

On September 17, 2013, Magistrate Judge Boland ordered Mr. Smith to file one amended pleading that is limited to either his claims challenging the validity of his conviction and sentence or his claims challenging the execution of his sentence. Magistrate Judge Boland again instructed Mr. Smith that, if he intends to pursue claims challenging both the validity of his sentence and the execution of his sentence, he must pursue those claims in separate habeas corpus actions.

On September 30, 2013, Mr. Smith filed in this action an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 9) in which he asserts six claims for relief that he contends challenge the validity of his conviction and sentence in La Plata County District Court case number 03CR22. Also on September 30, 2013, Mr. Smith submitted for filing without a case number an Application for a Writ

of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in which he asserts four claims for relief that he contends challenge the execution of his sentence. The habeas corpus application pursuant to § 2241 submitted for filing on September 30 was assigned a separate civil action number. *See Smith v. Miller*, No. 13-cv-02656-BNB (D. Colo. filed Sept. 30, 2013). Mr. Smith has been ordered to file an amended application in case number 13-cv-02656-BNB that clarifies the claims he is asserting in that action. *See id.* at ECF No. 8.

The operative pleading in the instant action is the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 9) ("Amended Application") filed on September 30, 2013. On October 1, 2013, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On November 13, 2013, Respondents filed a Pre-Answer Response (ECF No. 16) arguing that the Amended Application is untimely and that Mr. Smith's claims are unexhausted and procedurally barred. Mr. Smith has not filed a reply to the Pre-Answer Response despite being given an opportunity to do so.

The Court must construe the Amended Application liberally because Mr. Smith is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Amended Application as untimely.

Mr. Smith agreed to plead guilty in March 2003 in La Plata County District Court case number 03CR22 "to one count of sexual assault on a child by one in a position of trust – victim under the age of fifteen, a class three felony, and one count of unlawful sexual contact, a class one misdemeanor, in exchange for dismissal of all other charges." *People v. Smith*, No. 09CA1515, slip op. at 1 (Colo. App. Sept. 30, 2010) (unpublished) (ECF No. 16-3 at 2). On May 13, 2003, he was sentenced to an indeterminate term of twenty years to life on probation for the sexual assault and two years in jail for the unlawful sexual contact. (See ECF No. 16-1 at 24.) Mr. Smith did not file a direct appeal from the judgment of conviction.

On August 20, 2003, Mr. Smith filed in the trial court a motion for reconsideration. (*See id.* at 23.) The trial court denied the motion for reconsideration on August 26, 2003. (*See id.*)

On November 28, 2003, Mr. Smith filed in the trial court a letter requesting to be allowed to enter a program. (*See id.*) The trial court denied the request the same day, finding that it did not have jurisdiction to alter the sentence because Mr. Smith's motion for sentence reconsideration already had been denied. (*See id.*)

On January 27, 2004, the trial court entered an order revoking Mr. Smith's probation. (*See id.* at 22.) However, on February 26, 2004, the trial court vacated the January 27 order and reimposed probation. (*See id.* at 21-22.) On March 2, 2004, the trial court entered a minute order indicating that the probation term runs concurrently with the remaining jail time. (*See id.* at 21.) Mr. Smith did not appeal.

On September 10, 2004, the trial court again revoked Mr. Smith's probation and sentenced him to a new term of probation. (*See id.* at 19-20.) Mr. Smith did not appeal.

On October 18, 2004, Mr. Smith requested a psychiatric examination under Colo. Rev. Stat. § 18-1.3-908. (*See id.* at 19.) On October 28, 2004, the trial court denied the request because the cited statute was not applicable. (*See id.*) Mr. Smith did not appeal.

On March 11, 2009, Mr. Smith filed a motion to complete the file that was denied by the trial court on April 6, 2009. (*See id.* at 18.)

On April 14, 2009, Mr. Smith filed a motion for copies of all files and disclosures. (*See id.*) On April 23, 2009, the trial court denied that motion because no motion for postconviction relief was pending. (*See id.*)

On May 20, 2009, the prosecution filed another motion to revoke Mr. Smith's probation. (*See id.* at 18.) On December 3, 2009, the trial court revoked Mr. Smith's probation and resentenced him to an indeterminate term of four years to life in prison. (*See id.* at 4.) The Colorado Court of Appeals affirmed the probation revocation order. *See People v. Smith*, No. 10CA0129 (Colo. App. Oct. 27, 2011) (unpublished) (ECF No. 16-7). Mr. Smith did not seek certiorari review in the Colorado Supreme Court and, on December 22, 2011, the Colorado Court of Appeals issued its mandate. (*See* ECF No. 16-5.)

On May 27, 2009, while the probation revocation proceedings were pending, Mr. Smith filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. (*See* ECF 16-1 at 18.) On June 4, 2009, the trial court denied the Rule 35(c) motion as time-barred. (*See id.* at 17.) Mr. Smith appealed and the Colorado Court of Appeals affirmed the order denying the Rule 35(c) motion as time-barred. (See ECF No. 16-3.) Mr. Smith did not seek certiorari review in

the Colorado Supreme Court and, on December 1, 2010, the Colorado Court of Appeals issued its mandate.  (See ECF No. 16-4.)

The instant action was commenced on August 5, 2013, and the Amended Application was filed on September 30, 2013.  Mr. Smith asserts six claims for relief in the Amended Application contending that his First Amendment rights have been violated as a result of the treatment programs implemented by the Sex Offender Management Board (claim one); counsel was ineffective by failing to object to overcharging by the prosecution (claim two); the trial judge and prosecutor were biased against him (claim three); his Fifth Amendment rights were violated because he was coerced into taking a polygraph test (claim four); his sentence is illegal under state law (claim five); and the parole board and the DOC are frustrating the sentencing court's intent by refusing to release him on parole even though he has completed his prison sentence (claim six).

Respondents first argue that claims one, five, and six challenge the execution of the sentence Mr. Smith is serving rather than the validity of his conviction or sentence and may not be raised in this habeas corpus action pursuant to 28 U.S.C. § 2254.  The Court agrees with respect to claims one and six but it is not clear to the Court that claim five implicates only the execution of Mr. Smith's sentence.  Therefore, claims one and six will be dismissed from this action without prejudice.  Mr. Smith may include all of his federal constitutional claims challenging the execution of his sentence in the amended application he has been ordered to file in case number 13-cv-02656-BNB.

Respondents also argue that claim five should be dismissed from this action because claim five raises only an issue of state law that is not cognizable in a habeas

corpus action. However, construing the Amended Application liberally, it appears that Mr. Smith may be contending in claim five that his constitutional right to due process has been violated. Therefore, the Court will assume for the purposes of this order that claim five is a federal constitutional claim challenging the validity of the sentence imposed.

Respondents next argue that this action is untimely because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Smith's conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A). Respondents assert that Mr. Smith's conviction became final, and the one-year limitation period began to run, when the time expired to file a direct appeal following his original sentencing on May 13, 2003.

Pursuant to the version of Rule 4(b) of the Colorado Appellate Rules applicable at the time Mr. Smith was sentenced on May 13, 2003, he had forty-five days to file a notice of appeal following the sentencing.  Because Mr. Smith did not file a notice of appeal, Respondents are correct that the judgment of conviction became final on June 27, 2003, when the time to file a direct appeal expired.  Mr. Smith does not argue that his conviction became final on some other date.

The Court also finds that the one-year limitation period began to run on June 27, 2003, because Mr. Smith does not contend that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his remaining claims before his conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(B) - (D).  Although Mr. Smith was resentenced to probation in 2004 and resentenced to prison on December 3, 2009, those events do not alter the date on which the one-year limitation began to run with respect to Mr. Smith's remaining claims because the remaining claims relate to the original conviction and sentence.  *See Prendergast v.*

*Clements*, 699 F.3d 1182, 1185-88 (10th Cir. 2012) (finding that the one-year limitation period in § 2244(d)(1) applies on a claim-by-claim basis).

Mr. Smith did not initiate this action within one year after June 27, 2003. Therefore, the next question the Court must answer is whether the one-year limitation period was tolled for any amount of time. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws." *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled

9

during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Respondents concede that the one-year limitation period was tolled while the motion for sentence reconsideration Mr. Smith filed on August 20, 2003, was pending. As noted above, that motion was denied on August 26, 2003, and there was no appeal. Therefore, the motion for sentence reconsideration tolled the one-year limitation period from August 20, 2003, until October 10, 2003, when the time expired to file an appeal following the trial court's August 26, 2003 order. However, the fifty-three days between June 27, 2003, and August 20, 2003, count against the one-year limitation period.

After the postconviction proceedings relevant to the motion for sentence reconsideration concluded, the remaining 312 (365 - 53 = 312) days of the one-year limitation period ran unabated until the one-year limitation period expired in August 2004. Although Mr. Smith filed a letter to the trial court on November 28, 2003, asking to be allowed to enter a program, that letter was not a properly filed postconviction motion and did not toll the one-year limitation period pursuant to § 2244(d)(2) because the letter did not assert any substantive grounds for relief. *See Pursley v. Estep*, 216 F. App'x 733, 734 (10th Cir. 2007) (finding that motions for appointment of counsel in postconviction proceedings pursuant to Colorado Rule 35(c) that did not state adequate factual or legal grounds for relief did not toll the one-year limitation period).

Mr. Smith did file a postconviction Rule 35(c) motion on May 27, 2009. However, that motion did not toll the one-year limitation period because the one-year limitation period already had expired in August 2004. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-

year limitation period only if they are filed within the one-year limitation period). As a result, the remaining claims in the Amended Application are barred by the one-year limitation period in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, Mr. Smith must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Smith fails to demonstrate or even argue that the one-year limitation period should be tolled for equitable reasons and the Court finds no basis for equitable tolling in this action. As a result, the Court finds that the remaining claims are barred by the one-year limitation period.

Finally, even assuming the one-year limitation period did not commence until Mr. Smith's appeal from the revocation of his probation concluded in December 2011, the instant action still is untimely because he presents no basis for tolling the one-year limitation period for any time after December 2011 and before the instant action was commenced in August 2013.

In conclusion, Mr. Smith's first and sixth claims in the Amended Application will be dismissed because those claims do not challenge the validity of his conviction or sentence and may not be raised in this habeas corpus action pursuant to 28 U.S.C. § 2254.  Mr. Smith's second, third, fourth, and fifth claims in the Amended Application will be dismissed as barred by the one-year limitation period.  Because the Court finds that all of Mr. Smith's claims challenging the validity of his conviction or sentence are untimely, the Court need not address Respondents' additional arguments that the claims also are unexhausted and procedurally barred.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Amended Application (ECF No. 9) is denied and the action is dismissed for the reasons specified in this order.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  23rd  day of    December          , 2013.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court